PHILIP GOODHART, ESQ.
Nevada Bar No. 5332
THORNDAL ARMSTRONG, PC
600 S. Las Vegas Blvd., Suite 400
Las Vegas, Nevada 89101
Tel.: (702) 366-0622
Fax: (702) 366-0327
png@thorndal.com

Attorneys for Defendant, ONTEL PRODUCTS CORPORATION

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WORLD PACK USA, LLC, a Nevada Limited Liability Company,

Plaintiff,

vs.

ONTEL PRODUCTS CORPORATION, a Foreign Corporation,

Defendant.

Case No. 2:26-cv-00263

**STIPULATION AND ORDER FOR TEMPORARY STAY OF CASE PENDING MEDIATION**

**(First Request)**

Plaintiff WORLD PACK USA, LLC ("Plaintiff") and Defendant ONTEL PRODUCTS CORPORATION ("Defendant"), by and through their respective counsel of record, hereby stipulate and jointly request that this Court enter an Order temporarily staying this litigation, including all discovery obligations, pending the parties' anticipated mediation.

The parties respectfully submit that good cause exists for the requested stay based upon the following:

**I. Background and Good Cause for Stay**

1. This matter is presently proceeding through discovery, and Plaintiff's Motion for Sanctions for Willful Discovery Misconduct, Bad Faith Concealment of Evidence, and Violation of Court's Order (ECF No. 22) remains pending. The parties have previously stipulated to extensions of the briefing schedule to allow Defendant's newly assigned counsel sufficient time to review the file and address the issues raised in the Motion.
2. Defendant's prior counsel, Meghan M. Goodwin, Esq., recently commenced an extended

medical leave of absence, necessitating the reassignment of responsibility for this matter to Philip Goodhart, Esq. (*See* ECF No. 26.) This transition occurred while discovery issues remained outstanding and the Motion for Sanctions was pending.

3. Since assuming responsibility for the matter, Mr. Goodhart has been diligently reviewing the substantial discovery materials, prior productions, correspondence, and procedural history to familiarize himself with the litigation and identify the outstanding issues requiring attention. The transition has necessarily involved additional time and effort to evaluate the status of discovery and determine the appropriate course of action moving forward.

4. During this same period, counsel for both parties have engaged in meaningful, good-faith discussions concerning the possibility of resolving this matter through private mediation. Both parties have expressed a willingness to participate in mediation and believe that a concerted effort toward settlement at this stage is appropriate.

5. The parties have identified Judge Elizabeth Gonzalez (Ret.) as their preferred mediator, and explored the possibility of scheduling mediation in November or December 2026. Due to limited availability of Judge Gonzalez (and several other mediators the parties explored), the parties have scheduled their mediation date on January 19, 2027 with Judge Gonzalez.

6. The parties recognize that continued litigation, particularly the completion of outstanding discovery, additional depositions (many of which are out of state), electronic document searches and production, and briefing and potential litigation of the pending Motion for Sanctions, will require the expenditure of substantial attorney time, client resources, and litigation expenses.

7. Rather than incur those expenses while simultaneously pursuing settlement, the parties believe their respective resources would be better directed toward preparing for and participating in a meaningful mediation. A temporary stay would allow both parties to focus on exploring a negotiated resolution without the immediate expense and demands of ongoing litigation.

8. The parties further believe that the requested stay will promote judicial economy. If mediation is successful, the need for further discovery, motion practice, and judicial

involvement may be substantially reduced or eliminated. Even if the matter does not resolve, the mediation process may narrow the disputed issues and facilitate a more efficient course of litigation.

9. The requested stay is limited in duration and is not intended to indefinitely suspend the proceedings. The parties propose that the stay remain in effect through completion of mediation, with a joint status report to be submitted within fourteen (14) days thereafter advising the Court whether the matter has resolved or whether further proceedings are necessary.

10. If mediation is unsuccessful, the parties will promptly meet and confer and submit a proposed amended scheduling order, including revised deadlines for completion of discovery and briefing on the pending Motion for Sanctions, for the Court's consideration and approval.

11. The parties acknowledge that the Court previously granted extensions of discovery deadlines, including the Stipulation and Order entered September 26, 2026 (ECF No. 21). The present request is made in light of the subsequent transition of defense counsel and the parties' ongoing, substantive efforts to resolve the litigation through mediation.

12. Neither party will be prejudiced by the requested stay. Both parties jointly seek the relief requested, and the stay will preserve their respective claims, defenses, objections, and positions concerning all outstanding discovery disputes and pending motions.

13. The parties further agree that this Stipulation does not constitute a withdrawal of, or concession concerning, the pending Motion for Sanctions, nor does it constitute a waiver of any claims, defenses, objections, or arguments available to either party.

14. This request is made in good faith, is not sought for purposes of unnecessary delay, and is intended to facilitate an efficient and economical resolution of this litigation.

## II. Terms of Stipulation

Based upon the foregoing, and subject to approval by the Court, the parties hereby stipulate and agree as follows:

1. **Stay of Litigation.** All proceedings in this action shall be temporarily stayed pending

completion of the parties' anticipated mediation and until otherwise ordered by the Court.

2. **Discovery.** During the stay, all discovery obligations and deadlines, including outstanding written discovery responses, supplemental productions, depositions, and deadlines established under the current Discovery Plan and Scheduling Order, shall be suspended. The parties shall nevertheless preserve all documents, electronically stored information, and other evidence potentially relevant to this litigation.

3. **Pending Motion for Sanctions.** All briefing deadlines concerning Plaintiff's pending Motion for Sanctions (ECF No. 22) shall be stayed. The Motion shall remain pending, without prejudice to either party's position, and no further briefing shall be required during the stay and until otherwise ordered by the Court.

4. **Mediation.** The parties shall participate in January 19, 2027 mediation in good faith and work agree to split the costs of mediation 50/50.

5. **Status Report.** Within fourteen (14) days following completion of mediation, the parties shall file a joint status report advising the Court of the outcome. If the matter has settled, the parties shall advise the Court of the anticipated timeframe for dismissal.

6. **Unsuccessful Mediation.** If mediation does not result in settlement, the parties shall submit, with their joint status report, a proposed schedule for resumption of the litigation, including deadlines for any remaining discovery and briefing on the pending Motion for Sanctions. All such deadlines shall be subject to the Court's approval.

7. **Preservation of Rights.** Nothing in this Stipulation shall be construed as an admission of liability, wrongdoing, discovery misconduct, or the merits of any pending motion. All rights, claims, defenses, and objections are expressly preserved.

8. **Court Approval.** The parties acknowledge that this Stipulation shall not become effective unless and until approved by the Court. Until such approval, all existing deadlines and obligations shall remain in effect.

///

///

///

WHEREFORE, the parties respectfully request that the Court approve this Stipulation and enter the Order set forth below.

DATED: November 4, 2026.

HOLLAND & HART, LLP

*/s/ Sydney R. Gambee*

BRYCE K. KUNIMOTO, ESQ.
Nevada Bar No. 7781
SYDNEY R. GAMBEE, ESQ.
Nevada Bar No. 14201
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
Attorneys for Plaintiff

DATED: November 4, 2026.

THORNDAL ARMSTRONG, PC

*/s/ Philip Goodhart*

PHILIP GOODHART, ESQ.
Nevada Bar No. 5332
600 S. Las Vegas Blvd., Suite 400
Las Vegas, Nevada 89101
Attorneys for Defendant,
ONTEL PRODUCTS CORPORATION

**ORDER**

Based on the parties' stipulation [ECF No. 33] and with good cause appearing, IT IS ORDERED that this action is STAYED pending the mediation set for January 19, 2026, and until further Order of the Court. The Clerk of Court is directed to ADMINISTRATIVELY CLOSE this case.

UNITED STATES DISTRICT JUDGE
Dated: November 13, 2026

Submitted by:

THORNDAL ARMSTRONG, PC

*/s/ Philip Goodhart*

PHILIP GOODHART, ESQ.
Nevada Bar No. 5332
600 S. Las Vegas Blvd., Suite 400
Las Vegas, Nevada 89101
Attorneys for Defendant,
ONTEL PRODUCTS CORPORATION